**Jose Lizandro GARCIA, Petitioner**

v.

**Michael B. MUKASEY, U.S. Attorney General, Respondent.**

**No. 07–60575**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Sept. 30, 2008.

Chad Van Cleave, Cameron, TX, for Petitioner.

Thomas Ward Hussey, Director, Norah Ascoli Schwarz, Cindy S. Ferrier, Jessica E. Sherman, U.S. Department of Justice, Washington, DC, E.M. Trominski, District Director, U.S. Immigration & Naturalization Service, District Directors Office, Harlingen, TX, for Respondent.

Before STEWART, OWEN and SOUTHWICK, Circuit Judges.

PER CURIAM: *

Jose Lizandro Garcia petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal of the Immigration Judge's (IJ) denials of his motion to reopen deportation proceedings and his motion for reconsideration of that denial. Garcia argues that he was not properly served with the Order to Show Cause and that the IJ erred in finding that his application for relief under the Nicara-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

guan Adjustment and Central American Relief Act (NACARA) was untimely.

This court reviews the order of the BIA and will consider the underlying decision of the IJ only if it influenced the determination of the BIA. *Ontunez–Tursios v. Ashcroft,* 303 F.3d 341, 348 (5th Cir.2002). This court reviews the BIA's affirmance of an IJ's denial of a motion to reopen for an abuse of discretion. *Altamirano–Lopez v. Gonzales,* 435 F.3d 547, 549 (5th Cir.2006). Motions to reopen deportation proceedings are disfavored, and the moving party bears a heavy burden. *Id.*

Garcia has not shown that the BIA abused its discretion in finding that the Order to Show Cause was properly served. The certificate of service and accompanying fingerprint on the Order to Show Cause support a finding that it was personally served on him. Garcia does not address these facts in his brief, and he has submitted no evidence to support his assertion that the Order to Show Cause was not served. Garcia's affidavit, first submitted in support of his motion for reconsideration, does not specifically address the Order to Show Cause.

Garcia's brief in this court does not reurge his argument that he was not properly served with notice of his deportation hearing. This claim should therefore be deemed abandoned. *See Yohey v. Collins,* 985 F.2d 222, 224–25 (5th Cir.1993). Because Garcia has not shown grounds to reopen his deportation order, we do not address his claim regarding the timeliness of his NACARA motion.

Garcia's petition for review is DENIED.